## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND LABORERS' TRAINING TRUST FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, <br> Plaintiffs, <br><br> vs. <br><br> AMEX, INC., <br> Defendant. | C.A. No. |

## **VERIFIED COMPLAINT**

## **NATURE OF ACTION**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## **JURISDICTION**

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant AMEX, Inc. ("AMEX") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant AMEX is a corporation with a principal place of business at 256 Marginal Street, East Boston, MA 02128 and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about June 18, 2018, AMEX signed a Short Form Agreement at the request of Laborers' Local Union 22 of the Laborers' International Union of North America, so as to provide its employees with the benefits under the collective bargaining agreement between the Associated General Contractors of Massachusetts and the Building Trades' Employers' Association of Boston and Eastern Massachusetts, Inc., and the Union, by paying amounts at rates set forth therein for pension, health, annuity and other benefits for each hour worked by its employees on a project at the Ropewalk, Charlestown, MA ("the Project"), and submitting such payments and report forms for each hour worked by covered employees by the 20th of the month following the month in which the work was performed. A true and accurate copy of the Short Form Agreement ("Agreement") is attached hereto as Exhibit A.

11. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

12. Under the aforementioned Agreement, AMEX is obligated to submit to periodic audits of their payroll related records.

13. In December 2019, the Funds audited AMEX's records for the period March through October 2019, and found that AMEX owes $71,257.37 in contributions for the audited period. These contributions remain due and owing.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

14. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 above.

15. The failure of AMEX to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

16. Absent an order from this Court, AMEX will continue to refuse to pay the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

17. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. The Short Form Agreement is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

20. The failure of AMEX to pay the $71,257.37 in contributions and dues, interest thereon, and fees and costs on previous late payments violates the terms of the Agreement.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory, bank accounts and accounts receivable of AMEX;

b. Enter a preliminary and permanent injunction enjoining AMEX from refusing or failing to pay contributions and submit remittance reports due to the Funds;

c Enter judgment in favor of the Funds on Count I in the amount of all contributions owed for March through October 2019, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d Enter judgment in favor of the Funds on Count II in the amount of $71,257.37 in contributions and dues that AMEX owes for March through October 2019, and the aforementioned interest and fees and costs, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

e. Such further and other relief as this Court may deem appropriate.

                                              Respectfully submitted,

                                              TRUSTEES OF THE MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, *et al.*,

By their attorneys,

/s/ Nathan P. Goldstein
Anne R. Sills, Esquire
BBO #546576
Nathan P. Goldstein, Esquire
BBO #666101
Sasha N. Gillin, Esquire
BBO #690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com

Dated: December 18, 2019

### VERIFICATION

I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17 DAY OF DECEMBER, 2019.

Louis A. Mandarini, III

NPG/npg,ars&ts
6306-19467/complt.doc